Deborah K. Weaver, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued March 5, 1979, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Niles Schore,* for appellant.

*Edward P. Carey,* Assistant Attorney General, for appellee.

Opinion by Judge Mencer, July 27, 1979:

The sole issue of this appeal is whether the Department of Public Welfare (DPW) erred in disallowing a deduction from the earned income of a recipient of Aid to Families with Dependent Children (AFDC) for child-care expenses pursuant to Section 183.44(f)(1)(iv) of the DPW regulations which provides that child-care expenses are deductible "if care cannot be provided by other family members, and if no other sound plan can be made for their care." 55 Pa. Code §183.44(f)(1)(iv). We reverse.

Deborah Weaver (petitioner) and her three children receive AFDC assistance and live in her parents' home. During the period in question, petitioner worked between 5 p.m. and 10 p.m. six evenings a week and paid her mother $15 a week for child care.

The County Board of Assistance disallowed a deduction for the $15 child-care expense. Petitioner requested and was given a hearing. The hearing examiner found as a fact that petitioner's mother "would not care for the children on a regular basis without remuneration" and concluded that the deduction should be allowed as an expense attributable to the earning of income. The Executive Director of DPW's Hearing and Appeals Unit reversed the hearing examiner's decision and denied a deduction under Section 183.44(f)(1)(iv) since child care had in fact been provided by a family member. This appeal followed.

Petitioner argues that the term "family members" in Section 183.44(f)(1)(iv) refers only to persons within the assistance unit as defined in DPW regulations, 55 Pa. Code §171.22, i.e., petitioner and her children. "Family", however, is not defined by either regulation or the Public Welfare Code,[1] and therefore we must adopt the meaning derived from common us-

---

[1] Act of June 13, 1967, P.L. 31, as amended. 62 P.S. §101 et seq.

502

age. *See* 1 Pa. C.S. §1903(a); *Miller v. Preitz,* 422 Pa. 383, 389-90, 221 A.2d 320, 323-24 (1966). "Family", as commonly used, includes persons related by blood and living in the same household. *See Webster's New International Dictionary* 821 (3d ed. 1966); *Way Estate;* 379 Pa. 421, 436-37, 109 A.2d 164, 172 (1954). There-fore, "family members" in Section 183.44(f)(1)(iv) includes petitioner's mother.[2]

Petitioner also argues that Section 183.44(f)(1) (iv), as applied by DPW in this case, is inconsistent with Section 402(a)(7) of the Social Security Act, 42 U.S.C. §602(a)(7) and therefore DPW erred in denying the deduction pursuant to this regulation. State agencies, when determining need, are required by 42 U.S.C. §602(a)(7) to " 'take into consideration . . . any expenses reasonably attributable to the earning of . . . income.' " *Shea v. Vialpando,* 416 U.S. 251, 252 (1974).[3] In *Shea,* Justice Powell discussed the purpose of Section 602(a)(7):

---

[2] We note that petitioner's argument is not without merit. In certain DPW regulations, "family size" corresponds to the number of persons in an "assistance unit." 55 Pa. Code §§175.21, .23(a) (Schedules 1 and 2), .24(b). Any correlation, however, may only be incidental. We decline to speculate.

[3] *See also* Section 432.12(a) of the Public Welfare Code, 62 P.S. §432.12(a), which provides:

(a) In accordance with Federal law and regulations the department shall, in determining need for aid to families with dependent children, take into consideration the income, excluding that amount equal to the expenses reasonably attributable to the earning of income, of all members of the assistance unit who are fourteen years of age or older.

In determining need for general assistance, the department shall take into consideration all income, excluding that amount equal to the expenses reasonably attributable to the earning of income up to twenty-five dollars ($25) per month, of all members of the assistance unit who are fourteen years of age or older. In addition to said work related expenses, the first twenty dollars ($20) plus fifty percent of the next

By its terms, §402(a)(7) requires the consideration of 'any reasonable work expenses in determining eligibility for AFDC assistance. . . . [W]e read this language as a congressional directive that no limitation, apart from that of reasonableness, may be placed upon the recognition of expenses attributable to the earning of income.

416 U.S. at 260.

Congress thus sought to encourage AFDC recipients to secure and retain employment by requiring the States to take into account fully any expenses attributable to the earning of income in determining eligibility for assistance. Such expenses reduce the level of actually available income, and if not deducted from gross income will not produce a corresponding increase in AFDC assistance. Failing to allow the deduction of reasonable expenses might well discourage the applicant from seeking or retaining employment whereby such expenses are incurred.

416 U.S. at 264.

DPW acknowledges that child-care expenses are reasonable work-related expenses; however, Section 183.44(f)(1)(iv), as applied by DPW, precludes a deduction for child-care expenses when the service is provided by a family member without any inquiry into the reasonableness of the expense. This creates, in effect, an irrebuttable presumption that, whenever a family member is determined to be able to provide, or to be in fact providing, child care, any expense associated therewith is unreasonable.

---

sixty dollars ($60) shall be deducted from the gross monthly wages of each employed recipient of general assistance. The general assistance grant shall be computed on the remainder.

Petitioner's mother worked full time during the day five days a week. To provide care for petitioner's children, her mother's services would be required an additional five hours a night six nights a week. In light of her mother's schedule and the time required, both the refusal to provide care without compensation and petitioner's payment for the child care seem entirely reasonable. DPW's failure to allow a deduction for a reasonable expense under Section 183.44(f)(1)(iv) conflicts with 42 U.S.C. §602(a)(7) and thus DPW erred in denying the deduction.[4]

We do not hold that Section 183.44(f)(1)(iv) is necessarily inconsistent with 42 U.S.C. §602(a)(7). The regulation is designed, in part, to prevent waste of public funds resulting from collusion between family members. For example, the regulation precludes a deduction when the family member is willing to provide free care. Moreover, the regulation appears to provide that expense deductions are limited to cases in which free care cannot be provided either by a family member or by some other sound plan. As such, the regulation addresses situations where an expense would be unreasonable. DPW simply erred in conclusively determining that any expense for child care is unreasonable when a family member provides the care, without considering other factors bearing upon the reasonableness of the expense, e.g., whether sufficient care would be provided without compensation.

ORDER

AND Now, this 27th day of July, 1979, the order of the Department of Public Welfare which refused Deborah K. Weaver a deduction for child-care ex-

---

[4] In arriving at this decision, we note that petitioner's mother is not a "legally responsible relative" as defined in the Regulations of the DPW at 55 Pa. Code §187.22.

penses is hereby reversed, and the case is remanded for the recomputation of benefits, allowing a deduction for child-care expenses, consistent with the above opinion.

---

CONCURRING OPINION BY JUDGE BLATT:

I agree with the majority opinion here that the child-care expenses should be deemed deductible.

I must respectfully disagree however insofar as the majority concludes that the petitioner's mother is a "family member." While she is a relative,[1] it is clear that she was not responsible for the care or support of the petitioner's child. Furthermore, she was not a member of the "assistance unit" upon which benefits are determined. Under such circumstances, therefore, I do not believe that she is a "family member" in the sense contemplated by the Aid to Families with Dependent Children (AFDC) program and would find that the expenses were deductible under state law. Accordingly, I would not reach the issue of the alleged inconsistency between the state and federal statutes.

---

[1] The grandmother of a child could, for example, be a "specified relative" if she exercised the responsibility for the care and control of the child, maintained a home where the child lived with her and would receive the AFDC benefits on behalf of that child. 55 Pa. Code §151.42.

---

DISSENTING OPINION BY JUDGE WILKINSON:

I consider it entirely reasonable for the Department of Public Welfare (DPW) to have and enforce regulation 183.44(f)(1)(iv) which precludes deductions by a mother who is a recipient of Aid to Families with Dependent Children of the amount she pays a member of her family to baby-sit her children. By the same token I do not believe it can be in conflict with

Section 402(a)(7) of the Social Security Act, 42 U.S.C. §602(a)(7) which requires the Commonwealth to take into consideration any expense reasonably attributable to the earning of income. The regulation simply states that the Commonwealth does not consider such a payment for traditional family babysitting as reasonably attributable to earning income. True, this mother would not care for the grandchildren without pay. After this decision, what family member will if the pay is to come from the government?

I must dissent.